## THE PEOPLE *against* THE NEW-YORK CENTRAL RAILROAD COMPANY.

The general railroad act, as originally enacted (*Laws of* 1850, *p.* 232, § 39) required the bell to be rung or the whistle sounded, each time the engine passed over the railway, where the latter crossed a public highway, although the railroad and highway did not cross each other upon the same level.

Accordingly, *Held*, that a railroad corporation was liable to the penalty prescribed by the act, for each time a locomotive passing on its road crossed a public highway, although the railroad crossed the highway fifteen feet above the grade of the latter on a well-constructed bridge.[1]

The rules as to construing statutes, discussed by MARVIN, J.

People *v.* New-York Central Railroad Co., 25 Barb. 199, affirmed.

ACTION in the supreme court to recover numerous penalties of twenty dollars each, alleged to have been incurred by the defendant, under § 39 of the general railroad act (*Laws of* 1850, *p.* 232), for sundry omissions to ring the bell or sound a steam whistle upon its engines in approaching and crossing a highway.

The cause was tried before Mr. Justice Pratt at the Herkimer county circuit in May, 1854. The plaintiff proved that the defendant's railroad, at the town of Manheim, in the county of Herkimer, crossed over a public highway; and that in October, 1853, the engines and cars of the defendant crossed upon the railroad over the high-

---

[1] The act of 1854, amending the general railroad act (*Laws of* 1854, *p.* 608, §§ 7 and 18), repealed § 39 of the original act, and requires the bell to be rung, or the whistle sounded, only where the railroad crosses the highway or street, upon the same level. 2 Rev. Stat. 1585 (7th edition). The statute, however, imposes no duty upon a railroad company, towards a person, walking upon its track, within eighty rods of a public crossing, but not at the crossing or on the highway. *Harty* v. *Central Railroad Company of New Jersey*, 42 N. Y. 468. And the rule is well established, that it is the bounden duty of a traveller approaching a railroad crossing, before he passes over the same, to exercise a proper degree of care and caution, and to make a vigilant use of his eyes and ears, for the purpose of ascertaining whether a train is approaching; and if, by a proper use of his faculties, he could have discovered the train and escaped injury, and fails to do so, he is chargeable with contributory negligence. MILLER, J., in *Salter* v. *Utica and Black River Railroad Co.*, 75 N. Y. 276. See the cases collected in Bright. Dig. 2763, 5106.

way twenty-seven times, without any bell being rung or any whistle sounded. It was proved by the defendant, that where the railroad crosses the highway, the track of the former is elevated above the highway fifteen feet; that the railway passed over the highway on a well constructed bridge, at an elevation of fifteen feet above the surface of the highway; and that the bridge was of sufficient height and span to enable travelers to pass under it without danger of collision with the engines or cars on defendant's railway.

At the close of the evidence, the counsel for the defendant moved that the plaintiff be nonsuited, on the grounds : 1st. That the language of the act provided for only a single ringing of the bell, or sounding of a locomotive whistle, and that if once rung or sounded, there was no penalty for any other omission; 2d. That the facts proved did not bring the case within the 39th section of the statute; that the acts complained of were not within the mischief intended to be guarded against by the legislature ; that by the true construction of the statute, the bell was not required to be rung or the whistle sounded, except where the railroad track and highway crossed each other upon the same level. The court declined to nonsuit the plaintiff, and the counsel for the defendant excepted. The court ruled and decided, that on the evidence the plaintiff was entitled to recover the amount of twenty-seven penalties, and directed the jury to render a verdict for this sum. The counsel for the defendant excepted to this ruling and instruction. A verdict was rendered against the defendant for $540. Judgment was entered upon the, same, and affirmed by the supreme court in the fifth district. The defendant appealed to this court.

*J. H. Reynolds*, for the appellant.

*V. Owen*, district attorney, for the respondent.

The People *against* The New-York Central Railroad Co.

MARVIN, J.   It is provided by § 39 of the general railroad act of 1850, that a bell shall be placed upon each locomotive engine, and be rung at the distance of at least eighty rods from the place where the railroad shall cross any traveled public road or street; or a steam whistle shall be attached to each locomotive engine, and be sounded at least eighty rods from the place where the railroad shall cross any such road or street, except in cities; and be sounded at intervals until it shall have crossed such road or street, under a penalty of $20 for every neglect of the provisions of the section.

It is contended by the appellant, that this provision of the statute has no application to the present case, where the railroad passes over the public road, upon a bridge at such a height as to render a collision impossible; but that it was only intended to apply in cases where the railroad crosses the traveled road upon the same level.

In considering all written language, the first object is to ascertain its meaning.   A statute is the declared will of the legislative power.   If its language is plain and unambiguous, there is no room for construction.   It must be applied to all cases coming within it.   If the language of the statute is ambiguous, the courts must fix upon and declare its meaning; and when so ascertained and declared, the law is ascertained, that is, the intention of the legislature is ascertained.   In the present case, it seems to me that the language of the statute is not ambiguous upon the point we are considering.   It is, " when the railroad shall cross any traveled public road or street."   This language is clear and perspicuous, and it is broad enough to include the present case.   The language is not, shall cross upon the same level; but it is, shall cross any traveled public road.   The railroad, in the present case, certainly crossed the public road, though upon a bridge at an elevation of fifteen feet.   The traveller crosses the river upon a bridge or in a boat.   He crosses the Niagara below the falls upon a suspension bridge,

some two hundred feet above the river. The difficulty, in the present case, does not lie in the want of perspicuity or insufficient comprehensiveness to include the case; but if there is any difficulty, it consists in determining whether the precise case before us comes within the intention of the act. The law is generally expressed in the form of a rule, embracing cases similar in character. It often becomes a question of difficulty to determine whether a particular case comes within the statute; and in such case, the object of the statute, the purpose and intention of the legislature are to be considered. The particular case may come within the letter of the statute, and yet not within the intention and purpose of the legislature; as when it was enacted, " that whoever drew blood in the streets should be punished with the utmost severity," it was held not to include a surgeon who opened the vein of a person having a fit in the street. If the case comes within the intention of the makers of the statute, it is within the statute, though by a literal construction it may not be within its letter. (15 *J. R.*, 380.) I think the present case comes within the letter of the statute; and the question is, does it come within the intention of the legislature? The primary object of the requirement in the act, undoubtedly, was to guard against the danger of collision at the crossings of highways by railroads. A more general object was to warn travelers, upon the public road near the crossing, of the approach of the locomotive, so that they might be upon their guard in reference to any danger or harm arising from the locomotive and train of cars.

The use of railroads is recent. Engines propelled by steam move with great speed, drawing after them long trains of cars, and making a noise and presenting an appearance extremely alarming to animals used for travel upon the public roads. If the traveler's horses become frightened, he and they are at once in great danger. Few men, I apprehend, would willingly drive their team upon the public

The People *against* The New York Central Railroad Co.

road, under the bridge of the railroad in question, at the time the locomotive, engine and train of cars were thundering along upon the track over them. His horses would probably become much frightened and perhaps uncontrollable, and he and they be in great peril. In my opinion, the present case is not only clearly within the language of the statute, but it is within the evil or danger which the legislature designed to guard against. The traveler should have notice when he is approaching a railroad crossing of the approach of the engine, so that he may stop and guard himself and team from danger. In § 40 of the act, provision is made for erecting boards with a specified notice upon them where a public road is crossed by the railroad upon the same level. I concur with the learned justice, delivering the opinion of the supreme court, that this change of language indicates a different intention in the legislature. The provision in § 40 is restricted to crossings upon the same level. In § 39, the language is general, "where the railroad shall cross any traveled public road or street."

Each locomotive is to have a bell, and it is to be rung, or a steam whistle which shall be sounded, under a penalty of $20 for every neglect, &c. By the fair construction of the act, the penalty is incurred every time the public road is crossed by the locomotive engine without ringing the bell or sounding the whistle.

The judgment should be affirmed.

All the judges, except DEAN, J., who was in favor of reversing the judgment, concurred in the foregoing opinion.

Judgment affirmed.