Rapallo, J.
The decision of the Commission of Appeals in the case of Ryder v. Smith is directly in point upon the main question involved in the present appeal, viz., whether Abram Barre was the proper officer to give the notice and make the order for the disobedience of which the penalties were recovered in this action. The Commission of Appeals determined that question in the affirmative, and sustained a recovery against the same defendant, as in this action, for other penalties incurred by the disobedience of the same order. Very strong reasons are required to induce us to review a decision of the Commission of Appeals, when, as in this case, the same question subsequently arises upon the same state of facts. The ground upon which we are asked to re-examine the present case is, that the opinions delivered in the case of Ryder show that the learned commissioners, although concurring in the same final result, placed their decision upon different grounds, which are inconsistent with each *386 other; Hunt, Commissioner, holding that Barre held the office of inspector of turnpikes under chapter 45 of the act of 1848, and was, as- such inspector, the proper officer to make the orderand Eabl, Commissioner, holding that the inspectors mentioned in section thirty-three of the act of 1847, and not those named in the act of 1848, were the proper officers to act in the matter, but that the evidence showed a valid appointment of Barre as inspector under the act of 1847, and also that he was, de facto, such inspector, and that in either view his order was binding upon the defendant.
This difference of opinion has led us to examine with care the various statutes bearing upon the subject, and the result of our examination has been to satisfy us that the view taken by Hunt, Commissioner, of the effect of those statutes, is the correct one; that the inspectors mentioned in the thirty-third section of the act of 1847 are a different class of officers from, the inspectors of turnpikes mentioned in the Revised Statutes and in the act of 1848, chapter 45.
Those refered to in the act of 1847 are limited in number to three in each county; they hold office only during the pleasure of the board of supervisors; their duties relate to the construction of the road, and require a different degree of knowledge and skill from that which is required for the inspectors appointed under the Revised Statutes and the act of 1848, whose sole duty was and is to entertain and act upon complaints that the roads are out of repair.
These latter were, under the Revised Statutes, appointed by the governor, and under the act of 1848 by the supervisors. They are, in the Revised Statutes (1 R. S., 100), enumerated among the officers of the State. They are not less then three nor more than five in each county. (1 R. S., 100; id., 585, § 39; Laws of 1848, chap. 45.) Their term of office is two years. (1 R. S., 115, § 20; Laws of 1848, chap. 45.) Their duties áre prescribed by 1 R. S., §§ 40, 41, 42, and have relation solely to keeping the road in repair and unobstructed.
The inspectors mentioned in section thirty-three of the act of 1847 are a distinct class of officers, and take the place of *387 the three freeholders who, under the Revised Statutes, were, in the case of every new turnpike road, required to be appointed by the governor to inspect it and report whether it was completed in a workmanlike manner, and in accordance with the requirements of law, before the company was permitted to erect gates or take toll. (1 R. S., 584, § 32.) It is evident that the duties of this office are of a much higher grade, requiring a much greater degree of knowledge and skill than is required merely for the purpose of determining from time to time whether a road is kept in good traveling condition. These preliminary inspectors must not only be competent judges of the mechanical construction of the roads, but they must be familiar with the requirements ■Of the laws upon the subject, which are numerous and minute. These several duties were confided to different persons : the ordinary duty of seeing that the road is kept in repair to permanent officers, appointed for each county for a term of years; the duty of seeing that the road is constructed according to law, and in a workmanlike manner, to persons selected specially for the occasion by the governor as each road was built. By the act of 1847, which provided a general system for the formation of turnpike and plank-road companies, power of appointing these three preliminary inspectors was transferred from the governor to the supervisors of each county; and, instead of making a special appointment in case of every new road, the supervisors were authorized to appoint three persons, to hold office during their pleasure, to inspect all new roads that might be built in the county, and give the certificate which should entitle them to demand toll. But the language of the act of 1847 does not sanction the idea that, even as to roads built under that act, it was the intention of the legislature to amalgamate the offices or duties of these -two different classes of inspectors. Sections 34, 35 and 36 show clearly the functions of the inspectors mentioned in section 33, and that they were those which formerly appertained to the three freeholders selected by the governor, and which had always been treated as distinct from those of the *388 ordinary and permanent inspectors, whose duty it was to entertain complaints of want of repair.
The argument that, by the act of 1847, the duties of these-permanent inspectors were cast upon the inspectors mentioned in section 33 is based wholly upon the -language of section 47 of the same act. In the construction of that section, we concur with the opinion of Hunt, Commissioner. The language of the section is rendered obscure by the interpolation, out of their proper connection, of the words “ and all inspectors and other- officers named therein;” but we think the, intention is apparent to apply to turnpike and plank-road companies, constructed under that act, the provisions of the. Revised Statutes respecting complaints against turnpike conn panies when out of repair, their inspection, and the throwing open of their gates in case of failure to repair. If it had been also the intention to transfer to the inspectors mentioned in section 33 the duties of the general turnpike inspectors, designated in the Revised Statutes, to act upon these complaints, such intention should have been distinctly expressed. Such an innovation upon the existing system ought not to be inferred from doubtful language; and, on a view of the whole act, the intention to- make it is not clearly apparent.
The reasoning of Hunt, Commissioner, upon the subject, and his references to other statutes in confirmation of this view, are so full that it is not necessary now to go further into detail.
The appellant makes the further point that but one penalty should have been recovered, and cites the case of Fisher v. The N. Y. Central R. R. Co. (46 N. Y., 644). That case was decided upon the peculiar phraseology of the statute, which was held to limit the recovery in any action to fifty dollars, in addition to the excess of fare paid, without regard to the number of times it had been exacted. The act did not contain the words “for each offence.” ¡Neither did those words occur in the act sued upon in the case of Sturgis v. Spofford (45 N. Y., 453).
In the present case the act does contain those words. It *389 declares that the gate-keeper shall, “ for each offence,” forfeit ten dollars to the party aggrieved. But it is claimed by the appellant that, as the section imposing the penalty describes more than one offence, the words “each offence” relate to the description of the offence, and not to repetitions of either of the offences. In Washburn v. Mclnroy (7 J. R., 135) that construction was adopted, and, under an act similarly framed, it was held that but one penalty could be recovered. But in aid of that construction, in the case cited, the court referred to another section of the act which provided that a recovery of one penalty should bar prosecutions for-all penalties previously incurred. In the present ease there is no such restriction; and a majority of the court are of the opinion that the act imposes a penalty for every violation of either of the prohibitions contained in the section. If such be the true construction, it follows that all the penalties incurred may be recovered in one action. (Fisher v. N. Y. Central, 46 N. Y., 659, 660; 3 Hill, 527; 13 N. Y., 78.)
The judgment should be affirmed, with costs.
All concur, except Grover, J., dissenting.
Judgment affirmed.