## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### PEYTON AND AL. V. CARR'S EX'X.

November 8th, 1888.

DEEDS—*Acknowledgment—Record.*—Where record of county court shows that "at a court held for A. county on 4th February, 1867, this deed was produced into court and, being duly acknowledged according to law, was thereupon ordered to be recorded";

HELD:

Sufficient proof of valid recordation. Code 1860, ch. 121, § 2.

Appeal from decree of circuit court of Albemarle county, rendered May 17th, 1888. Opinion states the case.

*S. V. Southall,* and *White & Gordon,* for appellant.

*Duke & Duke,* and *Geo. Perkins,* for appellee.

LACY, J., delivered the opinion of the court.

The controversy is as to the priority between a judgment rendered at the March term, 1867, of the county court of that county, and a deed in trust actually recorded in the said court on the 4th day of February, 1867. The deed is obviously prior in time, but the claim of the appellants is that the deed was never duly recorded, because the certificate of recordation is defective, "because it does not appear therefrom when the deed was acknowledged, or before whom it was acknowledged, or by whom it was acknowledged." The certificate is as follows: "At a court held for Albemarle county February 4, 1867, this deed

was produced into court, and, being duly acknowledged and stamped according to law, was thereupon ordered to be recorded. Teste: Ira Garrett, C. C." This record is claimed to be insufficient to show the due recordation of the deed for many reasons stated in argument, among them that the record does not show the name of the person before whom the acknowledgment was made, nor the person by whom it was made, nor which deed was acknowledged, nor the date when acknowledged, all of which the appellants' counsel insists the statute requires.

The statute applicable (Code 1860, ch. 121, § 2) requires the county court to admit to record such an instrument as this, as to any person whose name is signed thereto, when it shall have been acknowledged by him in such court. As we have seen, the record of this court shows that at a court for Albemarle county, held on the 4th of February, 1867, this deed was produced into court, and, being duly acknowledged according to law, was thereupon ordered to be recorded. If this be true, then this deed was duly acknowledged before the county court of Albemarle county on the 4th of February, 1867, by the persons whose names are signed to it, and ordered to be recorded. There is no evidence offered nor suggested to contradict this plain statement of the record. Presumption is relied on to contradict this record, upon the grounds stated. As we have seen, no particular form is prescribed by the statute by which the record shall show the acknowledgment in and recordation by the court. The record declares that it was duly acknowledged. "This deed was produced into court, and, being duly acknowledged, * * * was thereupon ordered to be recorded." The argument is that it may have been acknowledged somewhere else than the court, and the court wrongfully admitted it to record, because the certificate does not expressly state, not only that it was produced into court, but duly acknowledged in court. Upon what principle can it be presumed that this court did not proceed lawfully? There is no obscurity in the language used. It is plain and pointed, and there is no need of interpretation; and

a fundamental and essential rule of construction is that it is not permitted to interpret what has no need of interpretation. When an act is conceived in clear and precise terms; when the sense is manifest, and leads to nothing absurd, there can be no reason to refuse the sense which this treaty naturally presents. To go elsewhere in search of conjectures, in order to restrain or extinguish it, is to endeavor to elude it. Potter's Dwar. St. 126; *People* v. *Railroad Co.,* 13 N. Y. 80. But if there were real doubts arising as to what appears plain, and one construction is such as is in accordance with the requirements of the law, and the other shows a violation of the law's prescripts by the court, we should still be compelled, upon well-settled principles, now grown venerable with time, to presume, in the absence of proof to the contrary, that the law had been obeyed. *Omnia præsumuntur rite et sollenniter esse acta donec probetur in contrarium.* If the record shows that there was a due acknowledgment, in consequence of which there was an order for recordation, then, nothing more appearing, we are under no obligations to indulge presumptions to the contrary.

There was much discussion as to whether the act of the court was ministerial, or partook of the judicial nature, but such discussion is of no interest or importance in this case, the action of the court appearing to be in nowise defective. Whatever its character, no analysis of these duties is required. The circuit court of Albemarle county having sustained the validity of the recordation called in question, we think the decree complained of is plainly right, and it must be affirmed.

DECREE AFFIRMED.