## M. REGO *vs.* S. W. MAHOE.

EXCEPTIONS FROM THE FEBRUARY TERM OF THE FOURTH JUDI-
CIAL CIRCUIT COURT. McCULLY, J., Presiding.

SPECIAL TERM, MARCH, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Construction of statute of appeals, entitled "An Act to Amend the
Law Regulating Appeals from Police and District Courts."
(Chapter LXII., Laws 1886.)

Held, that a party appellee before a Circuit Judge at Chambers or a
Judge of the Supreme Court at Chambers on the Island of Oahu,
may if aggrieved by the decision of such Judge, have his appeal
to a jury trial, the statute in question only applying to parties
appealing from decisions of Police or District Justices.

OPINION OF THE COURT, BY DOLE, J.  McCULLY, J., Dissenting.

The defendant was sued in assumpsit before the District
Court of Koloa for $120, and though the decision was against
him for $36.66, he was satisfied with it and took no appeal; the
plaintiff, however, appealed the case to the Circuit Justice at
Chambers, who gave judgment for him for $116; the defendant
was now aggrieved, and desired to appeal to the Circuit Court
upon the facts.  A certificate of appeal was at first refused him,
upon the ground that there could be no further appeal on the
facts under Chapter LXII., Laws 1886; but he was afterwards
furnished with such certificate upon the understanding that the
question of his right of appeal should be settled by the Circuit
Court.  At the last February Term of the Circuit Court it was
decided that the defendant had no right of appeal from the
Circuit Justice at Chambers to a jury, and the plaintiff's motion
that the case be stricken from the calendar was allowed, to
which ruling the defendant by his counsel excepted, and there-
after filed his bill of exceptions, which was allowed.

It is contended by plaintiff's counsel that Chapter LXII. of the Laws of 1886 has destroyed the former right of appeal from Circuit Justices at Chambers upon issues of fact. The law referred to is as follows:

"Section 1. From and after the passing of this Act any person desirous of appealing from the decision of any police or district justice, in any case whether civil or criminal, may, upon giving the notices and paying the costs and giving the bonds now required by law, appeal from any such decision to any Circuit Judge at Chambers, or if on the Island of Oahu, to one of the Justices of the Supreme Court in Chambers, or to the Circuit Court of the same judicial district; or if on the Island of Oahu, to the Supreme Court, at the election of the party appealing, to be stated at the time the appeal is taken, and no further or other appeal on any question of fact shall be allowed. In appeals where no bond is now required by law, none shall be required hereunder."

Upon the plaintiff's contention, a party who is satisfied with a decision in a police or district court, and does not appeal from such decision, may not appeal to a jury from the Judge at Chambers, if the other party appeals to such Judge and obtains a reversal of the decision of the lower court: that is, a party is deprived of his right to a jury trial by the law in question, unless he makes his election and takes his appeal to a jury upon the decision of a police or district justice, even though that decision is in his favor. It is not the policy of law to encourage litigation, and we do not deem it necessary to state reasons why we think that a party who accepts the decision of one court is not thereby prejudiced in his rights of appeal when the same case is decided in an appellate court. The defendant has a constitutional right to a jury trial unless he has waived it. Upon the decision of the case in the district court, he had no opportunity and was not called upon to make his election between a jury trial and a hearing at chambers on appeal, as he was not aggrieved by that decision, and his failure to appeal at that stage was not a waiver of his right to a jury trial. When the

case was decided by the Circuit Justice unfavorably to the defendant, then for the first time was he called to decide whether or not he would take his right to a jury trial; a failure to perfect his appeal would have been a waiver of this right.

If the law in question conflicts with this constitutional right of the defendant to a trial by jury, it will have to give way. But we do not think that it is necessarily inconsistent with such right. The provision of the statute in question sets forth the necessary course of action of a "person desirous of appealing from the decision of any police or district justice ;" he is required to give notice, to pay costs and give bonds according to law, and to elect to which court he takes his appeal, and to state such election at the time the appeal is taken ; the statute finishes the sentence with the words "and no further or other appeal on any question of fact shall be allowed." This by reasonable construction refers to the party under discussion, *i.e.*, the "person desirous of appealing from the decision of any police or district justice :" to him, having had his election, "no further or other appeal on any question of fact is allowed ;" but the law does not purport to define the rights of the other party who is not "desirous of appealing from the decision of any police or district justice," either by its own provisions which make no reference to the other party, or by its title, which is "An Act to Amend the Law Regulating Appeals from Police and District Courts." "Every law shall embrace but one object, and that shall be expressed in its title." (Constitution, Article 77.) It will be seen by the title of this law that it excludes all consideration of appeals from justices at chambers.

The exceptions are therefore allowed, and the case ordered to be placed on the calendar for the next term of the Circuit Court of the Fourth Judicial Circuit.

## Dissenting Opinion of Mr. Justice McCully.

It is a recognized principle of law that appeals are dependent on the statute creating them and that the terms of the statute

must be strictly followed. This has been recognized by many decisions in this Court, appeals being held insufficient where there has been any failure to do what the statute requires. A right of appeal cannot be implied but must be given by express words. *Reg. vs. Hansen*, 4 B. and Ald., 521 ; *Reg. vs Stork*, 8 A. and E., 405.

The statute under consideration amends the previous appeal laws only by the words, " and no further or other appeal on any question of fact shall be allowed." The preceding words, " at the election of the party appealing, to be stated at the time the appeal is taken," do not vary the former law, for Section 1005 gave an appeal from the decision of a police or district justice to the circuit judge at chambers (or if on the Island of Oahu to one of the Justices of the Supreme Court by the Act of 1874, Compiled Laws, p. 255,) and Section 1006 gave an appeal from the police or district justice to the Supreme or Circuit Courts (with the amendment of 1884) as the judicial district might be. The party taking appeal had his election which of these appeals he would take, which implied and required that he should state it at the time, and so it was always done. The only new matter, viz., that no further or other appeal on matters of fact should be allowed, is plainly intended, and this is not gainsaid by any one, to limit the number of appeals. A question of fact may not be tried in a third court. The construction that there may be an appeal to the third court by the appellee might nullify this intention in every case where the appeal has been taken to the judge or justice in chambers and he has reversed or changed the amount of the first decision. The intention to allow one appeal to each party, and only one, should be expressed by such words as these, " and he (or, the appellant,) shall have no other or further appeal on any matter of fact " or, " no other or further appeal, etc., shall be allowed him." The existing law would then give the appellee his appeal to a court and jury. By the construction asked for by the defendant, we make the words used in the statute to be equivalent to those I have given. But they differ substantially.

Those in the statute absolutely close the appeal. A different expression must be used to allow to one of the parties a further and other appeal.

" The right rule of construction is to intend the Legislature to have meant what they have actually expressed, unless some manifest incongruity would result from doing so, or unless the context clearly shows that such a construction would not be the right one." Per Parke, J. in *Reg. vs. Inhab. of Banbury*, 1 A. & E. 142.

Where a statute is expressed in clear and precise terms, when the sense is manifest and leads to nothing absurd, there can be no reason to refuse the sense which it naturally presents. *Jackson vs. Lewis*, 17 Johns., 475; *People vs. N. Y. Cen. R. R.*, 13 N. Y., 78.

When words *per se* are repugnant and very absurd, what is necessary, it has been said, may be supplied by reasonable intendment and good construction. But it must be so supplied *ex visceribus actus*. A new term cannot be added to an Act, a new sense may. Potter's Dwarris 210, from which also the above citations are taken.

The above are common rules of construction. I submit that they sustain the view I have taken. Granted that the intention of the Legislature was to limit the number of trials of fact in any case, this construction effectuates that intent and the other does it only partially. This construction leads to no absurdity, incongruity or repugnancy. It does not need anything to be supplied by intendment. I think the other requires a new term to be added to the Act, and this is not allowable, for it is not *ex visceribus actus.*

I do not understand that any other construction would be given except on the ground that the constitutional right of trial by jury might be hereby denied, which is a reason not derived from the context of the Act. Doubtless it is to be supposed that the Legislature intends to enact only constitutional statutes; but if the words used when plainly construed give an unconstitutional effect, it seems to me that we must accept

the result that the statute is unconstitutional. The intention or the intended meaning of a law is a different thing from the presumed intention or purpose that it be not unconstitutional. It is only to the former species of intention that the rule of construing to intention applies. The latter is of the same presumption as the intent that the law shall be wise or wholesome.

Chancellor Kent says (1 Com., 468) : " When the intention of the law can be indubitably ascertained, and be not a violation of constitutional right, the courts are bound to obey it whatever may be their opinion of its wisdom or policy ; " but I do not understand this to mean anything more than that the law must be carried out according to its intendment, as derived from the words, or set aside as unconstitutional when the effect is unconstitutional.

The Court is not bound to give a rendering not found in the words of a statute, they being apt to express the object intended by the Legislature, in order to make them constitutional.

It is easy to surmise that when the Legislature desired to prevent three trials of fact it was not considered that by one party electing to go to the court in chambers the other party could not thereafter get to a jury.

I am compelled, on these considerations, very respectfully to dissent from the opinion of the Court.

*W. O. Smith*, for plaintiff.

*A. Rosa*, for defendants.