## Bennet *against* Paine.

If the magisterial character of the officer who takes the acknowledgement of a deed be not set out in the body of it, it may be supplied by proof *aliunde*. A copy of the justice's commission, certified by the recorder of deeds, is competent evidence for that purpose.

ERROR to the common pleas of *Bradford* county.

Selah Paine against Benjamin Bennet. Ejectment.

On the trial of this cause the plaintiff offered in evidence a deed from John C. M'Allister to himself, acknowledged before Archibald Orne. The acknowledgement was in due form, except that it did not set out the magisterial character of the person who took the acknowledgement. To supply this defect the plaintiff offered in evidence a copy of the commission and oaths of office of Archibald Orne as justice of the peace, certified by the recorder of Dauphin county to be a true copy taken from the records. The defendant objected to the evidence on the grounds that it was not competent thus to supply the defect, and that the recorder was not the proper officer to make the certificate; that there is no law to authorize the recording of the commission.

The court below (Herrick, President) overruled the objections, and the deed was read to the jury.

*Ellwell* and *Greenough*, for plaintiff in error.

*Overton*, for defendant in error, cited, 3 *Binn.* 542.

The opinion of the Court was delivered by

Gibson, C. J.—The certificate of acknowledgement certainly contains no assertion of magisterial character. It is not affirmative of either office or place; but may not proof of these, as in The Commissioners *v.* Ross, 3 *Binn.* 539, be supplied *aliunde?* In that case, a deposition, in the caption of which it was neither stated nor apparent that the examiner was a justice for the county, was received on the authentication of the fact by the prothonotary's certificate; and in what does it differ from the present? In nothing, perhaps, but that the identity of the person was more distinctly disclosed; and that the supplemental certificate was given by the prothonotary instead of the recorder.

The evidence that the act was done within the jurisdiction of him who is thus proved to have been a magistrate, is equal, if not greater, in the present; for we have the exemplification of a commission to

[Bennet v. Paine.]

a person of the same name who was commissioned for the county in which the grantors reside.　In Dunn *v.* The Commonwealth, 14 *Serg. & Rawle* 432, the exemplification of a sheriff's bond, required by statute to be taken before the recorder of deeds, was rejected, though the name of the subscribing witness was identical with that of the recorder, because it was thought the statutory proof of execution, which was the fact directly in issue, ought to be as entire as the common law proof intended to be superseded by it.　Here there is no substitution of statutory for common law proof; and the question of identity is collateral.　Is it too much, in the absence of counter proof, to presume that the person named in the commission is he who received the acknowledgement?　It may have possibly been certified by another of the same name, there or elsewhere; but so might it be, did it contain an affirmation of character and place. The proof to sustain the certificate in that case and in this, is the presumption which the law makes in favour of legality.　The place of taking a deposition is seldom noted, because it is to be presumed that a magistrate performs his functions within the confines of his jurisdiction; and are we not to presume that a private citizen has not usurped the authority of a magistrate?　If the presumption were unfounded in this instance, it might have been rebutted.　An inquiry at the secretary's office would have led to the county of the magistrate's residence; which would have made it easy to disprove the act were he indeed a stranger to it.

It is to be presumed, also, that the recorder of deeds had authority to exemplify the commission.　The universality of the practice of recording these commissions in the county, proves that it rests in the mandate of a statute lost or forgotten.　We know there are ancient rolls which, by reason of the confusion that has prevailed in that office, do not appear among the printed statutes.　A remarkable instance of this is said to have occurred in the production by the late deputy secretary of such a statute on the subject of official bonds which have been taken from time immemorial, it was formerly thought, without being exacted by authority.　But the antiquity of the practice would give it the force of customary law, which is the foundation of a prothonotary's certificate of official character—a document that is always admitted without exception.　In questions of collateral authentication the strictness of common law proof is much relaxed; for the naked assertion of the officer would certainly not be *prima facie* proof of his official character were it put on issue by the pleadings; and that the relaxation is not only harmless, but convenient, is proved by daily experience.　We are of opinion, then, that the certificate of acknowledgement was competently authenticated.

Judgment affirmed.