## Angier, Terre-tenant, *versus* Schieffelin *et al.*

1. The acknowledgment of a mortgage was, "Erie County ss. Before the subscriber, a justice of the peace of said county," &c. The justice was of Crawford county, and the mortgage was put on record there. In a scire facias against a terre-tenant, evidence was admissible to show that the mortgage had been acknowledged in *Crawford*.

2. The acknowledgment was primâ facie regular, and the recorder was bound to record it; it was therefore notice to subsequent purchasers.

3. Whatever is sufficient to put a party on inquiry which would result in the information sought, is equivalent to notice, and as an examination of the recorder's office would have shown a purchaser that the magistrate was of Crawford, he had notice.

October — 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1871, No. 22.

This was a scire facias issued to June Term 1868, of the court below, by Schieffelin, Brothers & Co. against George M. Mowbray and Jacob D. Angier, terre-tenant; the defence was made by the terre-tenant.

The case was tried, November 22d 1870, before Vincent, J.

The plaintiff offered in evidence a mortgage from Mowbray to themselves for $2900 on real estate in Titusville, Crawford county; it was dated May 2d 1862.

The acknowledgment was as follows :—

" Erie county, *ss :*

Before the subscriber, a justice of the peace of said county, personally came George M. Mowbray, the mortgagor above named, and in due form acknowledged the above indenture to be his act and deed. In testimony whereof, I have hereunto set my hand

and seal this third day of May, in the year of our Lord one thousand eight hundred and sixty-two.

E. H. CHASE. [L. S.]"

The mortgage was recorded in the recorder's office of Crawford county, May 7th 1862.

It was admitted by the plaintiffs that at the date of the mortgage, Chase was not a justice of the peace of Erie county, but was of Crawford county.

The defendant objected to admitting the offer, because the mortgage was not so acknowledged as to entitle it to be recorded, and therefore was not notice to innocent purchasers.

The plaintiffs then proposed to prove that the acknowledgment was taken in Crawford county, and that "Erie" with the *scilicet* was a mistake.

This was objected to by the defendant, allowed by the court, and a bill of exceptions was sealed.

Chase then testified that he took the acknowledgment at Titusville in Crawford county at the time it purported to be taken.

The court admitted the mortgage, and sealed a bill of exceptions.

The defendant then gave in evidence a sheriff's sale, February 12th 1866, of the premises covered by the mortgage to Jonathan Watson under a judgment against Mowbray subsequent to the mortgage, and deed from Jonathan Watson to Angier, the terre-tenant, March 2d 1866; recovery of the land in ejectment by Angier against Mowbray, April 22d 1870, and possession delivered to Angier under an habere facias.

The defendant submitted two points:—

1. The record showing that the acknowledgment was before *E. H. Chase, a justice of the peace of Erie county*, he being admitted not to be a justice there; the acknowledgment is illegal; the mortgage improperly on the record, and therefore no notice to purchasers at a judicial sale.

2. Angier being a purchaser at sheriff's sale, under no other notice than a defective record, took the premises discharged from the lien of the mortgage.

Both points were denied by the court.

The court also charged that the case turned upon the sufficiency of the record of the mortgage to put a purchaser on notice; the acknowledgment was sufficient to allow it to be recorded, and being recorded it was notice to the purchaser. The purchaser took the land subject to the mortgage, and Angier is in no better position, and the "verdict must be for the plaintiffs."

The verdict was for the plaintiffs for $4389.41.

The defendant (terre-tenant) removed the record to the Supreme Court by writ of error.

He assigned six errors:—

[Angier *v.* Schieffelin.]

1, 2. The admission of the evidence objected to.
3, 4. The charge of the court.
5, 6. The answers to his points.

*Douglass & McCoy*, for plaintiff in error.—Parol evidence was inadmissible to contradict the acknowledgment: Watson *v.* Bailey, 1 Binn. 470; Jourdan *v.* Jourdan, 9 S. & R. 268; Selin *v.* Snyder, 7 Id. 166; McPherson *v.* Cunliff, 11 Id. 422. The record of a deed defectively acknowledged is not notice to a subsequent purchaser: Simon *v.* Brown, 3 Yeates 186; Goepp *v.* Gartiser, 11 Casey 130; Heister *v.* Fortner, 2 Binn. 40.

*B. S. McAllister* and *J. B. Brawley*, for defendants in error. —The acknowledgment on its face was regular, and the recorder was bound to record it; it could not mislead one seeking for encumbrances. A blank for the county could have been supplied by parol: Fuhrman *v.* Loudon, 13 S. & R. 386; Scott *v.* Gallagher, 11 Id. 347; Bennet *v.* Paine, 7 Watts 334; Pierce *v.* Hakes, 11 Harris 231.

The opinion of the court was delivered, January 9th 1872, by

THOMPSON, C. J.—The learned judge of the Common Pleas was right in his reasoning and conclusions on the point raised by the defendant below and defendant in error, in regard to the question of notice furnished by the record of the plaintiff's mortgage. Had Chase been a justice of the peace of Erie county, the acknowledgment before him by the mortgagor, although the land lay in Crawford, or any other county in the state, would have been all right, and the duty of the recorder of Crawford county to enter it of record, when offered for that purpose, would have been undoubted. This being the appearance of things, it was properly put on record by the recorder, and was thence primâ facie notice to terre-tenant of the encumbrance. Had he doubted the validity of the acknowledgment taken by Chase, he could have satisfied himself by examining the recorder's office that he was a justice of the peace, in and for Crawford county, for undoubtedly his commission was on record, as required by the Act of 11th April 1840, and that he was a proper officer to take the acknowledgment. This being followed by an inquiry of the magistrate would have fixed the fact that the mortgage was in truth properly acknowledged. Whatever is sufficient to put a party on inquiry, where it ought to result in the information, is equivalent to notice. This is a general rule. All this by very little industry the plaintiff in error could have had. With it, would the defendants have been concluded? He did not make the examination and inquiry, but the plaintiff offered to prove the facts, and the court admitted the testimony. By this it appeared that Chase took the acknow-

[Angier v. Schieffelin.]

ledgment in his office in Titusville, Crawford county. It is very evident that the mortgage was filled up on an Erie county blank, and that the justice neglected to alter the name of the county referred to in the *scilicet*, from Erie to Crawford; hence the error. But in point of fact the mortgage was well acknowledged, as the testimony showed. Authorities abundantly establish that testimony to supply errors and omissions in acknowledgments and certificates of magistrates, quite as important as that under consideration, has always been received in this Commonwealth, and the reason is given in Rigler v. Cloud, 2 Harris 361, that "it is against the spirit and genius of our government to extend nice technical objections to the acts of magistrates and other functionaries of the law, who are called from the mass of the people to discharge duties without previous legal learning or experience." The first of these cases is The Commissioners of Berks County v. Ross, 3 Binn. 539, where proof *aliunde* the magistrate's certificate to a deposition which omitted to state his official character, was admitted to prove that fact. In Fuhrman v. Loudon, 13 S. & R. 386, *no county* was mentioned by the magistrate at all as his place of residence in the certificate of acknowledgment. But it was held that the words, "a justice of the peace, in and for said county," should be regarded as referable to the county in which the lands described in the deed lay, and in this way the acknowledgment was held good. So in Scott v. Gallagher, 11 S. & R. 347, an omission from the certificate of acknowledgment that the magistrate was a justice of the peace of the county in which the land was situated, was held not to vitiate the acknowledgment, and that it was proper to admit proof *aliunde* to establish that fact. The propriety of this ruling is fully sustained by Gibson, C. J., in Bennet v. Paine, 7 Watts 334. In Pierce v. Hakes, 11 Harris 231, the objection was that the deed was defectively acknowledged before a court in the state of New York, because the certificate of the judge did not certify that the court in which the deed was acknowledged (being a deed to bar an entail), was a court of record, and that the omission was not cured by proof of the fact. In the opinion of this court, per Lowrie, J., it was said: "It is admitted that such a certificate by a justice of the peace is good, though he omits to state his official character. It follows that it is the fact, and not the certificate of the given official character, that is required." This court, in the recent case of Brookes's Appeal, 14 P. F. Smith 127, held that the clerical error made by the recorder on the margin of the record of a mortgage, of "January" instead of "February," might be corrected by the note made when the instrument was left for record. This is in the spirit of the case just cited. We do not mean to say that every omission in a certificate of acknowledgment may be supplied *aliunde ;* it is only of those of the character we have been

[Angier *v.* Schieffelin.]

discussing and analogous cases, in which we think it may and ought to be done. It was proper in this case.

There is no error in this record, and the judgment is affirmed.