THOMAS C. HUDSON *vs.* HENRY W. FISHEL *et al.*

The affidavit required to a writ of arrest by Pub. Stat. R. I. cap. 206, § 9, was made before a person admitted to be a magistrate, but who certified it in his individual name without adding his official designation.

*Held*, that the affidavit was a part of the process; hence the certificate was amendable under Pub. Stat. R. I. cap. 210, §§ 4, 5, Of jeofails.

*Held*, further, that the certificate was equally amendable at common law, even if the affidavit was not a part of the process.

ASSUMPSIT. On motion to amend the certificate to an affidavit.

*May* 31, 1890. PER CURIAM. The writ in this case is a writ of arrest, issued under Pub. Stat. R. I. cap. 206, § 9, third clause, providing for the issuing of such a writ whenever the plaintiff, his agent or attorney, " shall make affidavit, to be indorsed thereon or annexed thereto," of the purport prescribed. In this case the affidavit subscribed by the plaintiff was indorsed on the writ, together with a certificate by Edward D. Bassett that it was sworn to before him. It is admitted that said Bassett was a notary public when he administered the oath, and as such was entitled to administer it; but he omitted to add his official designation after the signature of his name. Motion is made for leave to amend by adding the same. The defendants object, and contend that the amendment is not allowable under Pub. Stat. R. I. cap. 210, §§ 4, 5, the affidavit being no part of either process or pleadings. We think the affidavit is to be regarded as a part of the writ, since the writ cannot even be issued without the affidavit indorsed thereon

or annexed thereto, and thus made, as it seems to us, both essentially and physically a part thereof. But if it be not a part of it, we still think the amendment should be allowed. The affidavit is not void, evidence *aliunde* being admissible to supply the defect. *The State* v. *Green*, 15 N. J. Law, 88; *Fortenheim* v. *Claflin, Allen & Co.* 47 Ark. 49; *Kruse* v. *Wilson*, 79 Ill. 233; *The People* v. *Rensselaer C. P.* 6 Wend. 543; *Hunter* v. *Le Conte*, 6 Cow. 728. Also, in case of acknowledgment, *Van Ness* v. *Bank of the United States*, 13 Pet. 17, 21; *Scott* v. *Gallagher*, 11 Serg. & R. 347; *Schults' Lessee* v. *Moore*, 1 McLean, 520, 525; *Bennet* v. *Paine*, 7 Watts, 334. The defendants here admit the official character of said Bassett, and the omission therefore can avail them nothing. We can see no reason why, in view of the admission, said Bassett should not be allowed to complete his certificate by adding his official title, just as a sheriff or deputy sheriff would be allowed to complete his return in case of a similar omission. Courts are not wholly dependent on the statute, but have power at common law to amend their records, or to allow them to be amended, for the correction of errors or omissions therein, until judgment has been signed. 1 Comyns' Dig. *590 n. a.; 3 Blackstone Comment. *407. Lord Kenyon was of the opinion, in regard to such amendments, that the true rule is, that they should or should not be permitted, as will best tend to the furtherance of justice. *The King* v. *The Mayor of Grampond*, 7 Term Rep. 695, 699.                                   *Motion granted.*

*Edward D. Bassett*, for plaintiff.

*Stephen A. Cooke, Jun., & Louis L. Angell*, for defendant.