S. Alexander et al. v. J. H. Houghton et al.

No. 149.

### 1. Construction—Official Acts.

Courts will always construe a law, contract, or official document so as to give effect to it, if it can be done consistently with the language used and the rules of construction. All official acts are presumed to have been performed within the limits of the jurisdiction of such officers, if limited ...................................................... 704

### 2. Certificate of Acknowledgment to Deed.

A notarial certificate of acknowledgment is as follows:

"*State of Texas, Runnels County.*—Before me, Geo. W. Caldwell, a notary public in and for said county, on this day personally appeared * * * [regular in form]. * * * Given under my hand and seal of office, this 5th day of June, 1882.

  [Signed]        "Geo. W. Caldwell,
           "Notary Public, Bexar County, Texas."

*Held*, that from its face it appeared that the acknowledgment was taken before an officer of Bexar County; and the acknowledgment was sufficient to entitle the deed to registration........................ 705

Certified Questions from Court of Civil Appeals for Third District, in an appeal from Runnels County.

*C. O. Harris* and *Fred Carlton*, for appellants.—The appellants respectfully insist that this court should answer in the negative all the questions propounded to them, and in support of this position they submit the following propositions:

1. A notary public of Bexar County can not act officially in any other county, and that any such purported official act performed by him is void. Chamberlain v. Pibas, 81 Texas, 511.

2. A notary public in Texas, while appointed by the Governor of the State, is a county officer, acting for and in the county for which he was appointed. Acts 1881, p. 94.

3. A certificate of acknowledgment can not be explained or added to by oral testimony. Walter v. Weaver, 57 Texas, 569; Looney v. Adamson, 48 Texas, 621; Johnson v. Taylor, 60 Texas, 364; Huff v. Webb, 64 Texas, 284; McKellar v. Peck, 39 Texas, 387.

*George F. Pendexter, G. W. Allen*, and *Guion & Truly*, for appellees.

The certificate was in substantial compliance with the statute. Webb on Rec. of Title, sec. 70; Blythe v. Houston, 46 Texas, 67; McDonald v. Morgan, 27 Texas, 504; Webb v. Huff, 61 Texas, 677; Bank v. Harrison, 39 Mo., 433.

BROWN, ASSOCIATE JUSTICE.—The following questions are submitted to this court on certificate from the Court of Civil Appeals for the Third District:

"In order to sustain their plea of five years limitation, the defendants below (appellees) read in evidence a deed dated March 10, 1880, by Sam Maverick to H. and W. H. Paddleford for the land in controversy—the E. W. Bull 640 acres survey, patented to him on the 28th day of April, 1873—situated in Runnels County. The certificate of acknowledgment authenticating the deed for record is as follows:

"*The State of Texas, Runnels County.*—Before me, Geo. W. Caldwell, a notary public in and for said county, on this day personally appeared Sam Maverick, to me well known to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and considerations therein expressed.

"Given under my hand and seal of office, this 5th of June, 1882.

"GEO. W. CALDWELL,
"Notary Public, Bexar County, Texas."

The following questions are certified to our Supreme Court by the Court of Civil Appeals of the Third Supreme Judicial District of Texas:

"1. Was the certificate of acknowledgment on its face sufficient to entitle the deed to registration? And being so recorded, was the deed duly registered as required by the statute to support the plea of five years limitation?

"2. Would evidence aliunde be admissible to show the county for which the officer, Caldwell, was in fact a notary public, in aid of the certificate, explaining it and the designation of the county appended to his official signature, so as to perfect the record of the deed and make it a recorded deed, as required by the statute, under the plea of five years limitation?

"3. If such evidence aliunde be admissible for the purpose mentioned, could it also be shown for the same purpose by parol in what county the officer acted in taking the acknowledgment and making the certificate; as for instance, if he were shown to be in fact a notary public of Bexar County, could it also be shown that he performed the official act in Bexar County, the caption of the certificate showing that it was done in Runnels County?"

It is not contended that George W. Caldwell was not a notary public of Bexar County, but that from the certificate it appears he took the acknowledgment and made the certificate in Runnels County. If the caption "Runnels County" is to govern in this matter, then the words in the body of the certificate must be given equal force; that is, that "George W. Caldwell, notary public of said county," means that he was a notary

public for Runnels County, and the certificate would be good. Accepting the construction of appellant, that George W. Caldwell was a notary public of Bexar County, we must determine from this certificate, under legal rules of construction, as to the place where it was made.

If nothing appeared to the contrary, the caption of the certificate would be sufficient to show that the act was done in Runnels County; but as there is a conflict between that and the words "Notary Public, Bexar County, Texas," attached to the signature, we must decide which is the most certain and reliable.

Courts will always construe a law, contract, or official document so as to give effect to it, if it can be done consistently with the language used and the rules of construction. There is another rule of law that is well settled, that all official acts are presumed to have been performed within the limits of such officer's jurisdiction, if it be limited. 1 Dev. on Deeds, sec. 486; Mech. on Pub. Officers, sec. 579. This rule is so generally adopted with regard to official acts, that authority to support it need not be multiplied.

Taking it for granted, then, that Caldwell was a notary public for Bexar County. the presumption prevails that he performed the act in that county, unless there is sufficient in the certificate to overthrow the presumption of law that he acted in accordance with the law.

In Angier v. Schieffelin, 72 Pennsylvania State, 106, the justice who took the acknowledgment of a deed was an officer in Crawford County, made a certificate with a caption as of Erie County, stating in it that he was a justice of the peace of said county, and the question arose, as in this case, as to the county in which the act was performed, and the court said, "It is very evident that the mortgage was filed upon an Erie County blank, and that the justice neglected to alter the name of the county referred to in the silicit from Erie to Crawford; hence the error." In that case it was held that parol evidence was admissible to show the facts.

In Blythe v. Houston, 46 Texas, 67, the facts are not sufficiently stated in the report to show the full force of the opinion. Referring to the original record of the case, we find that a copy of a deed from the records of Nacogdoches County was offered in evidence. It appeared that the caption of the certificate of acknowledgment was "State of Texas, Hopkins County," and the officer signed it "John R. Clute, Notary Public, N. C." Judge Gould, delivering the opinion of the court, said: "The dicrepancy between the county named in the outset and the letters designating his county appended to the signature might easily be accounted for, and certainly was not of sufficient importance to invalidate the record." It was held, that the copy from the records of Nacogdoches County was properly admitted, which necessarily involved the point as to the place where the act was performed.

Article 3366, Revised Statutes, prescribed what character of seal the notary should have, and required that he should use it to authenticate his official acts.   The seal was required to have engraved upon it the county for which he was appointed, and it is to be presumed that a seal with the words Bexar County was affixed to this certificate.   We do not believe that the caption furnishes the more certain guide as to the place where the certificate was made.   Judges know what is a matter of common knowledge to all men, and are not required to decide questions which affect the business and property rights of citizens without regard to the light that these facts furnish.   It is a common thing for deeds to be prepared in a county where land is situated and where the title must be examined for the purchaser, upon blank forms printed for that county, with like blanks for certificates of acknowledgment in which that county is printed in the caption, and these deeds are sent to other counties to be acknowledged by the grantors.   If the officer in the latter county fail to change the name of the county in the caption, such conflict as appears in this case is inevitable.

The common sense solution of this matter is, that this deed was prepared in Runnels County upon a blank form printed for transfers in that county, with a like blank form for a certificate to be used by officers of that county, and that the notary public in Bexar County failed to change the county in the caption from Runnels to Bexar.   It is much more probable that it should have so occurred than that the notary public should have gone from Bexar to Runnels County to take the acknowledgment, or that he should have been there accidentally, and been called upon by the parties in preference to an officer of that county.

We answer that the certificate of acknowledgment in this case was sufficient in itself to admit the deed to record, and that if properly made the record was such as the law requires to support the statute of five years.

It is unnecessary to answer the remaining questions.

It is ordered, that this opinion be certified to the Court of Civil Appeals.

Delivered May 21, 1894.