The appellants, J. M. Hamlin et al., instituted this suit in the district court of Parmer county, Tex., against the appellee, Ætna Casualty Surety Company, to recover on a bond guaranteeing the performance of a building contract made by appellants with the Bowman Construction Company.
The appellants allege that the Bowman Construction Company is a copartnership, composed of E. A. Bowman and W. S. Carson, both of whom are beyond the jurisdiction of the court, and that the partnership and both members thereof are notoriously insolvent, and hence are not made parties to this suit.
Appellants allege that on July 8, 1926, they, as trustees for the Methodist Episcopal Church South, entered into a written contract to be performed at Farwell, Tex., with the Bowman Construction Company, for the erection of a church building in Texico, N.M., for the sum of $10,450; that the contract stipulated that the construction company should comply with the terms thereof, erect the building, at its own cost and expense, according to the plans and specifications therefor, made by Guy Carlander: that the contract also provided that the construction company should enter into a good and sufficient bond in the sum of $5,225, with a reliable and solvent surety company, as surety thereon, conditioned that the construction company would comply with the terms of the contract and make good to appellants any loss or damages by the failure of said company to comply with said contract; that in compliance with said provision of the contract, the construction company made, executed, and delivered, with appellee as surety thereon, a bond, which bond obligated appellee to indemnify the appellants against all loss and expense arising by the failure of the construction company to pay for all labor and material used in the construction of said building; that by the terms of the contract and bond, each and both of them were made in and performable in Farwell, Parmer county, Tex.: that appellee is a foreign corporation, with its principal home office in Hartford, Conn., but has a permit to do business in Texas, and has officers and agents in the city of Dallas, Dallas county, Tex.
The appellants allege that, in pursuance to the contract, the construction company began the erection of the building, allege the breach of the contract by said company, and sufficiently plead their damages by reason of said breach. Neither the contract nor the bond are attached to or made a part of appellants' pleadings.
The appellee, in due time and in proper form, filed its plea of privilege to be sued in Dallas county, Tex., where its principal office in this state is located.
The appellants filed their controverting *Page 383 
affidavit to the plea of privilege, and in answer thereto alleged that the appellee is a foreign corporation organized under the laws of the state of Connecticut, with a permit to do business in Texas, and that appellants' cause of action accrued in Parmer county, Tex.; that the contract between appellants and the Bowman Construction Company, and the bond given by the construction company upon which appellee is surety, were, by their terms, performable in Parmer county, Tex.
A hearing on the plea of privilege was had before the court, the plea sustained, and the case ordered transferred to the district court of Dallas county, Tex., for trial on its merits, from which order and judgment this appeal is prosecuted.
The provisions of the contract material to a consideration of the questions here presented show that it was executed on July 8, 1926, at Farwell, in Parmer county, Tex., between appellants and the construction company for the erection of a church building in Texico, Curry county, N. M.; that the construction company was required to enter into a good and sufficient bond in the sum of $5,225, payable to appellants, and give as surety thereon some good and solvent surety company, guaranteeing that the construction company would comply with the terms of the building contract.
The bond was made, signed by the construction company and the appellee herein, as surety, as provided for in the contract, and the provisions thereof material to this appeal read as follows:
"The Ætna Casualty and Surety Company
"Hartford, Connecticut.
"Morgan B. Brainard, President.
"The State of Texas, County of Parmer.
"Know all men by these presents:
"That we — E. A. Bowman Construction Company, of Littlefield, Texas, as Principal, and The Ætna Casualty Surety Company of Hartford, Connecticut, as surety, are held and firmly bound unto The Trustees of The Methodist Episcopal Church South, of Farwell, Texas, and their successors, as Obligees, in the penal sum of Five Thousand two hundred twenty-five and No/100 ($5,225.00) dollars, for the payment of which well and truly to be made, we hereby bind ourselves, our heirs, executors, administrators and assigns.
"Signed with our hands and dated this the 9th day of July, A.D. 1926.
"The condition of the above obligation is such that, whereas, the said E. A. Bowman Construction Company has entered into a contract with the said Trustees of the Methodist Episcopal Church South, of Farwell, Texas, to erect and complete church building in accordance with plans and specifications prepared by Guy A. Carlander Sup. plans Spec. E. A. Bowman Const. Co., for the sum of $10,450.00, said contract being dated the 8 day of July, 1926."
On the trial of the case, it was agreed that the appellee is a foreign corporation, organized under the laws of the state of Connecticut and legally transacting business in Texas, under a permit, with its principal office in Dallas, Tex., and that it had no representative or agency in Parmer county, Tex.
Appellants contend that the district court of Parmer county had venue of the case, because: (1) They had sued on a contract in writing to be performed in that county; and (2) appellee was a foreign corporation and the cause of action or a part thereof arose or accrued in Parmer county, Tex.
The bond does not provide expressly, or by necessary implication, for a place of payment, and it is conceded that appellee had no agent or representative in Parmer county; that its principal home office was in the state of Connecticut, and its principal office in this state was in Dallas county, Tex. The building contract, while entered into in Parmer county, provided for the construction of a building in Curry county, N. M., and the building contract entered into by appellants and appellee for the building of a house was a separate and distinct contract from the bond upon which appellee was surety, and under this record appellee had not agreed in writing to perform the provisions of the bond or to pay to the appellants in Parmer county, Tex., any damage they might sustain by breach of the building contract by the construction company. Lindheim et al. v. Muschamp et al., 72 Tex. 33, 12 S.W. 125; Scarbrough Davis v. Culp (Tex.Civ.App.) 276 S.W. 743; Employers' Casualty Co. v. William Cameron Co. (Tex.Civ.App.) 288 S.W. 584; Cohen v. J. T. Munson, 59 Tex. 236; Phillio v. Blythe, 12 Tex. 124.
The caption of the bond is, "The State of Texas, County of Parmer," and upon this the appellants rely to show that the bond was executed in Parmer county, Tex. If nothing appeared in the record except what is disclosed by the caption, it would be sufficient to show that the bond was made and executed in Parmer county; but if there are facts and circumstances in the record which are in conflict with or controvert the statement in the caption, an issue of fact was presented, which the trial court was authorized to determine. Alexander et al. v. Houghton et al.,86 Tex. 702, 26 S.W. 937.
The record reveals that the building contract was made with the appellants by the "Bowman Construction Company," and the bond signed by appellee and the "E. A. Bowman Construction Company." The bond in behalf of the appellee was executed by M. B. Adams, resident vice president, and attested by J. M. Rimassa, resident assistant secretary.
Appellee is a foreign corporation, with its place of business in this state at Dallas, Tex., and has no representative or agent in Parmer county. The building contract was *Page 384 
made in Parmer county, but was to be performed in Curry county, N.M.; the bond upon which suit was brought was shown to have been made for the purpose of guaranteeing the performance of said building contract, but no place of payment or performance is disclosed by the bond by express terms or necessary implication, and these circumstances, we think, are sufficient to authorize the judgment of the court in sustaining the plea of privilege, as the burden was upon appellants to maintain their right to prosecute their suit in Parmer county, Tex. Graves v. McCollum 
Lewis (Tex.Civ.App.) 193 S.W. 217; Greenville Gas Fuel Co. v. Commercial Finance Co. (Tex.Com.App.) 298 S.W. 550.
In our opinion, the record presents an issue of fact, and we do not feel warranted in holding that the trial court committed error in finding that the plea of privilege should be sustained.
The judgment is affirmed.