**LEFTWICH et al. v. MILLAN et al.**
No. 9268.

Court of Civil Appeals of Texas. San Antonio.

Feb. 21, 1934.

Rehearing Denied March 21, 1934.

Murphy W. Townsend and R. G. Scurry, both of Dallas, for appellants.

Jackson & Crawford, of Crystal City, for appellees.

MURRAY, Justice.

W. R. Millan, individually and as administrator of the estate of Charles C. Busey, deceased, filed this suit in the district court of Zavalla county, seeking a recovery in the sum of $1,127.13 from D. O. Leftwich, Raymond Asbury, and the Southern Ice & Utilities Company, being the amount of damages claimed as the result of an alleged breach of contract to purchase onion plants.

The original contract was in writing and expressly provided that appellants Leftwich and Asbury were to pay for the onion plants at Crystal City, Zavalla county, Tex. The Southern Ice & Utilities Company, hereinafter referred to as the Company, was by the terms of the contract stakeholder of $1,000 put up by Leftwich and Asbury and to be paid to appellee Millan and his now deceased partner Busey, as liquidated damages in the event Leftwich and Asbury breached their contract.

Leftwich, Asbury, and the Company filed pleas to be sued in Dallas county, the county of their domicile. Appellees controverted these pleas of privilege, asserting venue on the theory that all of appellants had entered into a written contract to be performed in Zavalla county. Upon a hearing the trial judge overruled the pleas of privilege.

It is plain that the pleas of privilege of Leftwich and Asbury should have been overruled, unless the original written contract has been altered or abrogated in some way, for this contract expressly provided that they were to pay for the onion plants at Crystal City. It was the contention of Leftwich and Asbury that the contract had been changed by subsequent agreement and conduct.

There were two witnesses who testified, Millan and Leftwich. The former testified that the contract had not been changed; the latter that it had. The trial judge had a right to believe the testimony of either, and as he overruled the pleas it is apparent that he gave weight to the testimony of Millan. The evidence, however, shows that there were six carloads of onion plants shipped under the contract. In each instance a draft was drawn with bill of lading attached which was paid at Dallas, with the exception of the last draft, for the sixth car, which was not paid.

It is contended by appellants that this conduct shows that the contract had been

changed and the provision providing for payment in Zavalla county waived. We cannot agree with this contention. The mere shipping of the plants before they were paid for and the drawing of a draft with the bill of lading attached did not conclusively show an intention to waive the provisions for payment in Zavalla county, contained in the written contract. There is no question but what parties may, either by parol agreement, or even by their conduct, vary the terms of a written contract; but the point here is that this conduct was insufficient to show such a variance, and especially is this so where the trier of facts has in effect found against the contention of appellants.

We are cited to the case of Marcus v. Armer, 117 Tex. 368, 5 S.W.(2d) 960, 60 A. L. R. 672, in which it was held that where cotton seed were shipped to Travis county and a draft drawn with bill of lading attached, which is accepted and paid by the purchaser, a written contract is performed in Travis county notwithstanding there was a prior oral agreement to pay for the seed in Burnet county. In other words, the draft with bill of lading attached constituted an offer to vary the original contract and receive payment in Travis county, which, when accepted by the buyer, became a written contract. In the case at bar the draft was not accepted nor paid at Dallas. This is sufficient to distinguish this case from the Marcus Case.

We take it that each time appellees shipped a car of plants and drew a draft and sent same to Dallas with bill of lading attached, it was an offer to accept pay for that particular car of plants in Dallas county. When the sixth car was thus shipped and the draft not paid, the offer was rejected by the buyers and no contract entered into but the original written contract left standing to determine the place of payment. We conclude that Leftwich and Asbury, having entered into a written contract to pay for these onion plants in Crystal City, Zavalla county, and the evidence raising a question of fact as to whether or not this contract has been changed or abrogated by subsequent agreement, and the trial judge having impliedly found against appellants upon this issue, the pleas of Leftwich and Asbury were properly overruled.

We next come to the plea of privilege of the Ice Company. We conclude that this plea should not have been overruled. The Ice Company was a stakeholder of the sum of $1,000, to be paid to the growers in the event the buyers breached their contract. The only obligation resting upon the Ice Company was to hold this $1,000 and pay it over to the growers in the event the buyers breached their contract. The Ice Company did not agree to do this in Zavalla county.

The only theory upon which appellees attempted to hold venue of the Ice Company in Zavalla county was under subdivision 5 of article 1995, R. S. 1925, which would require that before the Ice Company could be sued in Zavalla county it would have to have entered into a written contract to perform an obligation in Zavalla county. There is no obligation which the Ice Company has agreed to perform in Zavalla county. The fact that it was a stakeholder or guarantor for the buyers is not sufficient under the provisions of subdivision five of the venue statute to give venue in Zavalla county. Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125; Scarbrough v. Culp (Tex. Civ. App.) 276 S. W. 743; Employers' Casualty Co. v. Wm. Cameron & Co. (Tex. Civ. App.) 288 S. W. 584; Hamlin v. Ætna Casualty & Surety Co. (Tex. Civ. App.) 13 S.W.(2d) 382.

Article 2020, R. S. 1925, as amended by Acts 1933, 43d Leg., p. 546, ch. 177 (Vernon's Ann. Civ. St. art. 2020), now provides a practical method for the transfer of a cause of action as to one defendant and the retaining of venue as to other defendants where there is a severable cause of action as to parties defendant, and the cause of action against the Ice Company being a severable cause of action, the trial court should have sustained its plea of privilege.

The judgment of the trial court will be affirmed wherein it overrules the pleas of privilege of Leftwich and Asbury, but wherein it overrules the plea of privilege of the Ice Company it will be reversed and the cause remanded, with instructions to the trial court to transfer the cause of action against the Ice Company to the district court of Dallas county, Tex.

Affirmed in part, reversed and remanded in part, with instructions.