LODEN et ux. v. CAROTHERS et al.

No. 4627.

Court of Civil Appeals of Texas. Texarkana.

April 25, 1935.

Rehearing Denied June 27, 1935.

M. B. Briggs, of Gilmer, Wm. Hodges, of Texarkana, H. H. Loden, of Tulsa, Okl., and John T. Buckley, of Longview, for appellants.

Wynne & Wynne, of Longview, for appellees.

JOHNSON, Chief Justice.

J. T. Loden and wife, Dora Loden, owned 100 acres of land on which they lived with their family as their homestead. The land is in one tract. It is a part of the Dolores Sanches Headright survey. The county line between Gregg and Upshur counties runs the general course of east and west across the 100 acres, locating 70 acres to the south in Gregg county, and 30 acres to the north in Upshur county. Their residence is 300 or 400 yards north of the county line, in Upshur county. J. T. Loden agreed with A. H. Carothers to convey to Carothers an undivided one-half interest in the minerals in that portion of the 100 acres located in Gregg county. The consideration for the conveyance was the satisfaction and cancellation of a debt due by Loden, evidenced by his note for $65 secured by mortgage on his cow and calf. The consideration is shown to have been sufficient and full value of the property. On October 9, 1930, Carothers accompanied R. S. Wyche, a notary public of Gregg county, to Lodens' home for the purpose of having the deed theretofore agreed upon signed and acknowledged by Mr. and Mrs. Loden. The deed was signed and acknowledged by both Loden and his wife in their residence, in Upshur county, before R. S. Wyche, a notary public of Gregg county. On February 7, 1931, Carothers conveyed one-half of his interest in the minerals in the 70 acres to C. E. Manning. On May 21, 1932, Carothers died, leaving as his sole heir at law his wife, Thelma Pepper Carothers.

This suit is by appellants, J. T. Loden and wife, Dora Loden, against Thelma Pepper Carothers, surviving wife of A. H. Carothers, deceased, C. E. Manning, M. D. Rodden, and Preston Pepper to cancel the mineral deed executed by Loden and wife to A. H. Carothers on October 9, 1930, and to remove cloud from title. The suit is based upon the ground that the acknowledgments of Loden and wife taken in Upshur county before a notary public of Gregg county did not effect a conveyance of the property constituting a part of their homestead.

Appellees answered by a plea of not guilty, general denial, and a plea of estoppel on the part of appellants to deny the validity of the acknowledgments.

The case was tried to a jury. At the conclusion of the evidence the appellants, as plaintiffs, presented a motion requesting the court to instruct the jury to return a verdict in their favor, which was refused. The court then submitted seven special issues, in response to which the jury found the following facts: (1) That the acknowledgments of J. T. Loden and his wife were taken by R. S. Wyche in Upshur county; (2) that at the time J. T. Loden's acknowledgment was taken he represented to Wyche that he was then in Gregg county; (3) that at the time he made such representations Loden then knew he was in Upshur county; (4) that at the time Mrs. Loden's acknowledgment was taken she represented to Wyche that she was then in Gregg county; (5) that at the time such representations were made she knew that she was in Upshur county; (6) that J. T. Loden did not tell Carothers that the county line was south of the house before the deed was executed; (7) that at the time Wyche took the acknowledgments he reasonably believed that he was within the bounds of Gregg county.

After the jury had returned the verdict, and before judgment was rendered, appellants filed and presented a motion asking the court to render judgment in their favor, on the ground that the jury in answer to the first interrogatory had found that the acknowledgments had taken place in Upshur county and before a notary public of Gregg county, and therefore the acknowledgments were void. The motion was overruled, and a motion of appellees for judgment in their favor was granted, and judgment entered that plaintiffs take nothing by reason of their suit. The appellants, without filing a motion for new trial, then and there in open court duly excepted to the judgment of the court and gave notice of appeal to the Court of Civil Appeals, which appeal has been perfected.

To be determined before further consideration of this record, appellees have presented the proposition that the trial having been to a jury, and appellants not having filed a motion for new trial in the trial court, that all errors not fundamental were waived by appellants. We do not think that this proposition is sound. A motion for new trial is not essential to an appeal. R. S. art. 2249, as amended by Acts 1927, c. 52, § 1 (Vernon's Ann. Civ. St. art. 2249). Nor is such motion a condition precedent to the right to have reviewed assignments of error complaining of matters which have otherwise been properly presented and ruled upon by the trial court. Egan v. Lockney Farmers' Co-Op. Soc. (Tex. Com. App.) 284 S. W. 937; Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667. Assignments of error may for the first time be filed in appellant's brief in the appellate court. R. S. art. 1844, as amended by Acts of 42d Legislature, 1931, c. 75, § 1, p. 117 (Vernon's Ann. Civ. St. art. 1844). But no nonfundamental error may be assigned of matters which have not been called to the attention and ruling of the trial court. A motion for new trial is not thought to be necessarily essential except when needed to present to the trial court for ruling upon matters which he has not otherwise passed upon. Egan v. Lockney Farmers' Co-Op. Soc. (Tex. Com. App.) supra; Phillips Petroleum Co. v. Booles (Tex. Com. App.) supra.

Appellants' several assignments of error present the question: In whose favor should the court have rendered judgment upon the undisputed facts and the facts as found by the jury? It is the contention of appellants, in substance, that the findings of the jury were not sufficient to estop appellants from asserting the invalidity of the acknowledgments, in the absence of a finding that the grantee, Carothers, in accepting the deed and paying the consideration, relied upon the representations found by the jury to have been made by appellants to the notary public. And that the court should have rendered judgment for appellants upon the undisputed facts showing the property was homestead, that Wyche was a notary public of Gregg county, and that he was in Upshur county when he took the acknowledgments of appellants.

Our statutes do not so expressly state, but that a notary public's authority is limited to the boundaries of the county for which he is appointed is not an unwarranted implication. It is held, and we think correctly so, that a notary public is not authorized to perform his duties in any county other than that for which he was appointed. Daugherty v. McCalmont (Tex. Civ. App.) 41 S.W.(2d) 139. The statutory prescribed acknowledgments of a married woman before an authorized officer is an essential element of her act of conveyance. The deed acknowledged by Mrs. Loden in Upshur county before a notary of Gregg county was not effective, as such, to constitute a conveyance of the homestead property. The fact that he reasonably believed he was in Gregg county relieved the transaction of any fraud on the part of the notary, but it did not add to his jurisdiction. However, it is not thought that the facts come within the rule stated in Wheelock v. Cavitt, 91 Tex. 679, 45 S. W. 796, 797, 66 Am. St. Rep. 920, and other cases holding that: "Where it is shown that the married woman has not appeared before the officer for the purpose of acknowledging the execution of the deed, and no acknowledgment has been in fact made, she having in no way invoked the exercise of the officer's authority in that respect, the certificate, however formal, is not binding upon her, even in favor of an innocent purchaser for value and without notice."

In those cases applying the above rule, the married woman grantor has not appeared before the officer or sought to invoke his authority in any way, nor has she done anything to work an estoppel against her, hence his act in making the certificate of acknowledgment is equivalent to a forgery. In such circumstances, she has had no opportunity to protect herself against an innocent purchaser and she has done nothing to estop her from asserting the invalidity of the acknowledgment.

The rule is also well settled that where a married woman has appeared before a notary for the purpose of acknowledging her deed, the fact recitals of the notary's certificate regularly in form of acknowledgment are conclusive against her, unless fraud or imposition is shown and in which the purchaser participated or had notice before paying the purchase money. Haskins v. Henderson (Tex. Civ. App.) 2 S.W.(2d) 864, and authorities there cited. This rule is based upon two

grounds: (1) The purchaser is favored with the general presumption of law that an officer in the performance of his duty did so rightfully and in a lawful manner and that he acted within and not in excess of his authority, 17 Tex. J. § 76, page 277, and authorities there cited; (2) estoppel on the part of the grantor to wrongfully take advantage of her own acts. In the present case Mrs. Loden appeared before the notary for the purpose of acknowledging the deed. No complaint is made of fraud or imposition upon her, and none is shown. She signed, acknowledged, and delivered the deed, and accepted the purchase price. Under the facts, the only grounds presented on which to cancel an honest transaction is that the notary by misrepresentation of appellants, knowingly made, was misled and by them caused to take their acknowledgments a few hundred feet out of his county, a fact which is not shown to have been within the knowledge of the notary or of any of the interested parties except appellants. True, the grantee was present at the time, but there is no presumption charging him with notice of where the county line was located on the ground. There is no evidence other than the testimony of Mr. Loden showing that the grantee knew where the line was located. Mr. Loden testified that a few days before the deed was signed he showed Mr. Carothers where the county line ran south of his house, but the jury in answer to this sixth interrogatory found against appellants on that issue. The grantee, being in law, indulged the presumption that the notary acted within the limits of his jurisdiction, Alexander v. Houghton, 86 Tex. 702, 26 S. W. 937, the burden was not on appellees to procure a finding of the jury that A. H. Carothers, the grantee, relied upon the representations of appellants to the notary; but, on the other hand, the burden was on appellants to show not only the defect in the acknowledgments, but also that A. H. Carothers had notice of it before he paid the purchase money. The facts and circumstances in evidence would not have authorized the trial judge to find, as a matter of law, that Carothers had such notice. It therefore was the duty of the appellants to have requested such an issue and to have procured such a finding. Appellants not having requested the issue, it was waived. Hence, upon facts as presented by the undisputed evidence,

and the findings of the jury, it was the duty of the trial court to render the judgment which he did for the appellees.

The judgment of the trial court will be affirmed.