## NORTH AMERICAN BUILDING & LOAN ASS'N v. BELL et ux.

No. 11780.

Court of Civil Appeals of Texas. Dallas.

Nov. 23, 1935.

634

Read, Forsythe & Kepke, of Dallas, for appellant.

Helen M. Viglini, of Dallas, for appellees.

JONES, Chief Justice.

Appellant, North American Building & Loan Association, instituted this suit in a district court of Dallas county, in form of trespass to try title to a lot located in the city of Dallas, against appellees, Dred Bell and wife, Annie Bell, who had lived on the lot several years, the lot constituting their homestead. Appellant also, in another count in the petition, sought, in the alternative, to recover judgment on a note executed by appellees in the principal sum of $550, and to recover taxes paid for appellees on the lot, in the additional sum of $40.62, and to foreclose a deed of trust lien on the property in question to the amount of the note, interest, attorney's fee, and the amount of the taxes paid. The basis of the lien sought to be foreclosed rests on a mechanic's lien, executed by appellees to one J. S. Cardella in a contract to secure the amount of the loan for the purpose of making improvements on their homestead. The note executed by appellees to Cardella in the sum of $550, and the mechanic's lien, were duly transferred to appellant and the money advanced by the appellant.

Appellees answered the suit by an attack on the validity of the mechanic's lien contract, on the ground that the wife, Annie Bell, did not acknowledge said contract in the manner and form required by law; and also on the ground that the contract for the improvements on the homestead of appellees was not substantially performed according to the plans specified in the contract. Other attacks were made that will not be necessary here to discuss.

The case was tried to a jury and on the findings of the jury the court entered judgment, denying appellant title to the property, canceling the mechanic's lien and the lien created by the deed of trust, and entered a personal judgment against Dred Bell in the sum of $328.90, with 10 per cent. interest per annum from September 8, 1931, until paid. Under the findings of the jury, it is established that (1) appellees signed the deed of trust; (2) J. S. Cardella, the contractor, did not substantially perform the mechanic's lien contract; (3) J. R. Cocke, a notary public, took the acknowledgment of Dred Bell and wife, Annie Bell, to the mechanic's lien contract; (4) Dred Bell and wife, Annie Bell, signed the mechanic's lien contract to J. S. Cardella; (5) Dred Bell and wife, Annie Bell, signed the note for $550, payable to the North American Building & Loan Association; (6) Dred Bell and wife, Annie Bell, signed the mechanic's lien note for $550, to the order of J. S. Cardella; (7) the reasonable and necessary cost of making the improvements comply with the plans and specifications was the sum of $250; (8) Annie Bell appeared before the notary for the purpose of acknowledging the mechanic's lien; (9) the notary did not examine Annie Bell separately and apart from her husband as to said mechanic's lien; (10) the notary did not fully explain said mechanic's lien contract to Annie Bell; (11) the notary did not ask her if she wished to retract her acknowledgment to said mechanic's lien; (12) Annie Bell appeared before the notary for the purpose of acknowledging said deed of trust; (13) the notary did not fully explain said deed of trust to Annie Bell, and did not examine her separate and apart from her husband as to the deed of trust; (14) the notary did not ask Annie Bell if such were her act and deed, and if she wished to retract the acknowledgment as to said deed of trust; (15) the reasonable and necessary cost in raising the roof to comply with said contract was the sum of $75; (16) the reasonable and necessary cost of building the room in front of the house to comply with said contract was $125; (17) the reasonable and necessary cost of raising the flue of the house was $5.

At the close of the evidence, appellant requested peremptory instruction in its favor, made timely and proper objections to the submission of the special issues, filed a motion for judgment non obstante veredicto, and has duly presented assignments of error to this court on the adverse ruling of the court in respect to these matters.

Previous to the judgment, appellees had defaulted in their monthly payments on the note, never having made any payment

thereon, and appellant, under the power of sale given in the deed of trust, duly advertised the property for sale, and same was duly sold by the trustee in the deed of trust to appellant on its bid of $275. The trustee duly executed the trustee's deed to appellant, appellees refused to surrender possession of the premises to appellant, and this suit was instituted.

The mechanic's lien contract contains the following provision: "It is further distinctly understood and agreed that should the improvements herein mentioned to be erected, fail for any reason to be completed or all of the labor and material to be used in the erection thereof fail to be provided by Party of the Second Part, that Party of the Second Part or other holders of the hereinbefore mentioned indebtedness and notes shall have a valid and subsisting lien to the full extent of the labor and material actually furnished and placed on the hereinbefore described property."

The following is the certificate of the notary to the acknowledgment of appellees, on the mechanic's lien contract: "Before me, the undersigned, a Notary Public in and for the State and County aforesaid, on this day personally appeared Dred Bell and wife, ———, known to me to be the persons whose names are subscribed to the foregoing instrument and acknowledged to me that they executed the same for the purposes and consideration therein expressed, and the said ———, having been examined by me privily and apart from her said husband and having the same fully explained to her, she, the said ———, acknowledged such instrument to her act and deed and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it. Given under my hand and seal of office this the 3 day of September, 1931. (Signed) Jas. R. Cocke, Notary Public, Dallas County, Texas."

The names of Dred Bell and Annie Bell are subscribed to the mechanic's lien contract, and in such contract Annie Bell is described as the wife of Dred Bell. The acknowledgment of appellees to the deed of trust is in regular form.

Under the findings of the jury as to the value of the improvements actually placed on the premises, together with the taxes that had been advanced at the request of appellees, there was a mechanic's lien in appellant's favor in the sum of approximately $300, and the property being a homestead, no lien for a greater sum was created by the deed of trust. There is no claim made in the pleading of appellees that any fraud had been perpetrated on Annie Bell, by reason of the failure of the notary to explain to her the character of the instrument, or to examine her privily and apart from her husband, or to ask her if she desired to retract her signing of the mechanic's lien, and the evidence does not raise such an issue; nor is there any pleading or evidence that Annie Bell, if the instrument had been explained to her, would have retracted her signature. Appellant has the status of an innocent purchaser, and is charged only with such notice as is given by the instrument creating the lien.

We shall first discuss appellant's right to the peremptory instruction in its trespass to try title suit. The first question to be decided is, Is the notary's certificate to the acknowledgment of Annie Bell in substantial compliance with the statute (Vernon's Ann. Civ. St. art. 6605)? She is described in such certificate as the wife of Dred Bell, but her name is not stated therein. Is this a fatal error? If from a reasonable construction of the certificate as a whole it appears that Annie Bell acknowledged the certificate as the wife of Dred Bell, then the certificate must be pronounced in substantial compliance with the statute for taking the acknowledgment of a married woman, 1 Tex.Jur. 557, § 155, and authorities cited in note. We believe that no conclusion can be reached from a reasonable construction of the notary's certificate other than that Annie Bell acknowledged the instrument as the wife of Dred Bell. We therefore hold that the instrument was legally acknowledged by Annie Bell.

The mechanic's lien having been duly executed by appellees and the deed of trust lien having likewise been duly executed by appellees, and each legally acknowledged, the fact recitals of the notary's certificate, in the regular form of an acknowledgment, are conclusive against her as against appellant, an innocent purchaser, unless fraud or imposition is alleged and shown, and, in the absence of either allegation, such recitals cannot be contradicted; the court therefore erred in admitting evidence contradicting such recitals, and such evidence and the findings

of the jury thereon cannot be considered by this court. Adkins-Polk Co. v. Rhodes et ux. (Tex.Com.App.) 24 S.W.(2d) 351, 353; Alexander et al. v. Houghton et al., 86 Tex. 702, 26 S.W. 937; Haskins v. Henderson (Tex.Civ.App.) 2 S.W.(2d) 864; Loden et ux. v. Carothers et al. (Tex.Civ.App.) 85 S.W.(2d) 291.

As said in the case of Adkins-Polk Co. v. Rhodes, supra, "The rule is firmly established that, as against one who, innocently and for a valuable consideration given therefor by him, becomes the holder of a mortgage which requires the separate acknowledgement of a married woman to give it effect, and the latter has appeared before a notary for the purpose of making such acknowledgment, the certificate of the notary, in conformity to the statute, is conclusive of the facts stated in the certificate." This announcement is supported by a long line of cited authorities. In the instant case, there is neither pleading or proof that appellant had any knowledge of the specific misstatements of the notary in his certificate.

■ While, under the findings of the jury as to the value of the improvements placed on the lot, the trustee's sale was made for a larger sum than that which the lien secured, the lien was valid as to the sum of $300, and the sale was not vitiated by reason of it being for a sum larger than that secured by the existing lien. Belcher Land Mortgage Co. v. Taylor (Tex.Com.App.) 212 S.W. 647; Chambers & Co. v. Little (Tex.Civ.App.) 21 S.W.(2d) 17; Flynt et al. v. Taylor, 100 Tex. 60, 93 S.W. 423; Groesbeeck v. Crow, 85 Tex. 200, 20 S.W. 49; Hemphill v. Watson, 60 Tex. 679; Texas Land & Loan Co. v. Blalock et al., 76 Tex. 85, 13 S.W. 12; Word v. Colley (Tex.Civ.App.) 143 S.W. 257; Wood et al. v. Eastland Bldg. & Loan Ass'n (Tex.Civ.App.) 75 S.W.(2d) 466; Hill v. Wright et ux. (Tex.Civ.App.) 30 S.W.(2d) 812.

■ The mechanic's and deed of trust liens are valid though the improvements actually made by the contractor did not substantially comply with the plans and specifications in the mechanic's lien contract. They would have been invalid, but for the clause in the mechanic's lien contract, above quoted, which specifically provides that the contractor shall have a lien to the extent of the work done. Dupuy v. Shilling et al. (Tex.Civ.App.) 298 S.W.

934; Harrop et al. v. National Loan & Investment Co. of Detroit, Mich. (Tex.Civ.App.) 204 S.W. 878; Galbraith-Foxworth Lumber Co. v. Long et al. (Tex.Civ.App.) 5 S.W.(2d) 162, 163; 22 Tex.Jur. § 223, pp. 322, 323; 29 Tex.Jur. § 46, p. 510.

We therefore hold that appellant was entitled to peremptory instruction in its favor on the suit in trespass to try title, and that this judgment must be reversed and rendered, decreeing title and possession to the land in controversy in appellant, and divesting appellees of any title or right of possession thereto.

In view of the conclusion reached on the trespass to try title phase of this case, it becomes unnecessary to pass upon any of the other questions raised. The judgment of the lower court is here reversed and rendered in favor of appellant, the North American Building & Loan Association, and title to the land in controversy is decreed in appellant, and the trial court is directed to issue the necessary writ of possession, on the return of the mandate.

Reversed and rendered.