Manis *et al. v.* Farmers Bank of Sullivan County.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

John R. Todd, Jr., of Kingsport, for complainants.

John F. Blevins, of Blountville, for defendant.

Mr. Justice Chambliss delivered the opinion of the Court.

In January, 1929, A. L. Dean, joined by his wife, Martha, executed a deed to complainants, W. S. Manis and wife, conveying certain real estate in Sullivan county. This deed was recorded in the register's office of Sullivan county on the 17th of September, 1929. On the 1st of December, 1930, an execution was levied on this lot of land, issued under a judgment against the vendor of complainant Manis, A. L. Dean. The bill in this case was filed to enjoin sale of the lot of land under this execution.

The theory of the execution creditor of Dean, overruled by the chancellor, but sustained by the Court of Appeals, is that the acknowledgment of Dean and his wife to the deed was fatally defective, and the registration of the deed, therefore, without authority, with the result that the land was subject to the execution levied by this judgment creditor of the vendor, A. L. Dean.

The defect relied on for the creditor bank consisted in this, the acknowledgment being otherwise unobjectionable: While the lot of land is located in the county of Sullivan, where all the parties reside, and the acknowledgment was taken before N. P. Horton, a notary public

for Sullivan county, the caption of the certificate of acknowledgment reads, ''State of Tennessee, Hawkins County.'' The certificate concludes, however, as follows: ''Witness my hand and official seal at office this 5th day of January, 1929. N. P. Horton, Notary Public. My commission expires May 25th, 1929,'' and the certificate bears the notary's seal carrying the words, ''N. P. Horton, Notary Public, Sullivan County, Tennessee.''

In explanation of the appearance of the words ''Hawkins county'' in the caption, instead of ''Sullivan county,'' the residence of the parties and the jurisdictional official location of the notary public, it appears from the recorded deed that a printed form of deed was used, ''Printed and for sale by G. S. Stansill, printer, Notary Public, Rogersville, Tennessee.'' It is fairly deducible, as argued for complainant, that the use of the word ''Hawkins'' was an inadvertence, the parties having by oversight failed to strike out this printed word and substitute Sullivan for Hawkins in the caption. The deed and the certificate may be read together to explain a variance and apparent defect in the certificate. 1 C. J. S. Acknowledgments, p., 892 and note citing cases; Id., pp. 854 and 855 and notes.

The Court of Appeals relies upon the rule that ''only the certificate may be looked to in order to determine whether or not the requirements of the statute have been fulfilled,'' and conceding that the seal of the notary shows that he was commissioned as a notary for Sullivan county, holds that the appearance in the caption of the certificate of the word ''Hawkins'' must be taken conclusively to establish that the acknowledgment was taken in Hawkins, outside of his jurisdiction, and is

therefore void. The Court of Appeals cites authority to support the proposition, which cannot be disputed, that a notary public may not act officially as such beyond the limits of the county in and for which he is commissioned.

We are not satisfied to follow this holding of the Court of Appeals, which so apparently works an injustice in this case. We are of opinion, considering the deed and acknowledgment as a whole, that it sufficiently appears that the notary acted in the county of Sullivan, rather than in Hawkins. The presumption generally recognized that an official has acted legally should be given application, supported, as it is, by other circumstances, particularly recitals appearing on the face of the certificate. This court is strongly committed to the rule of presumption that a sworn public official has acted lawfully. We quote from *Lummus Cotton Gin Co.* v. *Arnold*, 151 Tenn., 540, at page 558, 269 S. W., 706, 711, as follows:

"In *Dunlap* v. *Sawvel*, 142 Tenn. [696], 707, 223 S. W. [142], 145, this court said: 'It is a well-established law in Tennessee that (the presumption is that) every sworn officer does his duty, and in the absence of proof to the contrary this presumption will prevail'—citing *Rogers* v. *Jennings' Lessee*, 3 Yerg., 308; *Loyd* v. *Anglin's Lessee*, 7 Yerg., 428, 431; *Mitchell* v. *Lipe*, 8 Yerg., 179, 29 Am. Dec., 116; *Frierson* v. *Galbraith*, 12 Lea, 129; *State* v. *Myers*, 85 Tenn., 203, 5 S. W., 377.

"To the same effect is the rule announced in *Bosley* v. *Smith*, 3 Humph., 406; *Gibson* v. *Martin*, 7 Humph., 127; *Caruthers* v. *Harbert*, 5 Cold., 362, 98 Am. Dec., 421; *Maxwell* v. *Jonesboro Corp.*, 11 Heisk., 257.

"In *Caruthers* v. *Harbert*, *supra*, it was held that the

presumption of law, is that a public officer has done his duty correctly (unless some statute or rule requires a particular mode), until the contrary appears. . . .

"A notary public is a public officer, and, when he certifies that he had done a public act, it must be presumed that he has done it correctly, unless some statute or rule requires a particular mode, until the contrary appears. This presumption may be rebutted, but the burden of proof is upon the one denying its correctness."

It is, as before suggested, fairly deducible that the name of the county is an inadvertent typographical error. As heretofore shown, the certificate of acknowledgment concludes with the words, "Witness my hand and official seal. at office," etc. Now this is a clear declaration that the acknowledgment was taken at the office of N. P. Horton, notary public, and his solemn seal recites that he is a notary public for Sullivan county, in which county alone his office could be. In other words, the certificate declares that the grantors appeared before him at his office, which could not be elsewhere than in Sullivan county.

Our attention has been directed to no authority in point supporting the view of the learned Court of Appeals. On the other hand, the following notes in 29 A. L. R., pages 919, 948, and 951, [1] tend to support the view we take, and

---

[1] "The certificate will be upheld if the place can be ascertained with reasonable certainty by an inspection of the whole instrument." 1 R. C. L., 283; Trerise v. Bottego, 32 Mont., 244, 79 P., 1057, 108 Am. St. Rep., 543.

"Thus, it was said in Bowles v. Lowery (1913), 181 Ala., 603, 62 So., 107: 'If, without resort to mere inference or conjecture, what was intended to be expressed can be clearly seen, error of a purely clerical or grammatical nature will not avoid the certificate.'

"In many cases the holding that the absence of a venue will not invalidate the certificate is put upon the ground that the court will pre-

the opinions of the Supreme Courts of Texas (*Alexander v. Houghton*, 86 Tex., 702, 26 S. W., 937) and *Pennsylvania* (*Angier* v. *Schieffelin*, 72 Pa., 106, 13 Am. Rep., 659, cited in these notes, are directly in point.

◼ In the case before us, as offsetting the effect of the use of the word "Hawkins" in the caption of the certificate, suggestive of the conclusion that its use was an inadvertence, and supporting the presumption that the notary acted lawfully, that is, within his jurisdiction, there appears (1) an express official declaration that the notary took the acknowledgment at his office, which could not have been in Hawkins county; (2) the registration of the instrument in Sullivan county; (3) that the land conveyed lay in Sullivan and not Hawkins county and all

sume that the officer taking the acknowledgment acted within his jurisdiction." Clinchfield Coal Corp. v. Steinman (1915), 223 F., 743, 139 C. C. A., 273.

"Where a caption named one county, and the officer was admitted to be of another, and the instrument was recorded in the latter, it was held in Angier v. Schieffelin (1872), 72 Pa., 106, 13 Am. Rep., 659, that it would be presumed. that he failed to change the printed caption, and the certificate was upheld."

"And where the county named in the caption is different from the one written after the officer's name, in order to sustain the deed, it will be presumed that the latter is correct, and that the caption was printed and the officer failed to change it." Alexander v. Houghton, 86 Tex., 702. 26 S. W., 937.

"And in Doe ex dem. Truluck v. Roe (1846), 1 Ga., 3, the court, in sustaining an acknowledgment which was without either venue or date, said: 'This court will presume the acknowledgment was made in the county where the deed purports to have been made, and at the time it purports to bear date, in the absence of all proof to the contrary. We shall not voluntarily impute malpractice to the officer before whom the acknowledgment was made, by presuming it was taken at a time and place when and where he had no authority to take it."

parties to the conveyance resided in Sullivan county; (4) that the form used carries across its face the words, "Printed and for sale by G. S. Stansill, Printer, Notary Public, Rogersville, Tennessee," thus plainly suggesting a reasonable explanation of the appearance of the word "Hawkins" on the certificate, Rogersville being in Hawkins county. We think the chancellor was justified in holding the certificate sufficient and his decree is affirmed and that of the Court of Appeals reversed.